Arturo B. SANCHEZ, Plaintiff-Appellant,

v.

The TEXAS COMMISSION ON ALCO-HOLISM, an agency of the State of Texas, Defendant-Appellee.

No. 81–1136
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1981.

Richard A. Mendoza, El Paso, Tex., for plaintiff-appellant.

Susan O. Bradshaw, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge.

Appellant, Arturo Sanchez, brought suit claiming that the Texas Commission on Alcoholism discriminated against him on ethnic grounds by denying him a promotion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. (1976). The district court held for the defendant Commission. We affirm.

Arturo Sanchez is a Mexican-American who had worked in the El Paso office of the Texas Commission on Alcoholism since 1974. The Commission is a state agency designed to help alcoholics deal with the problems of alcoholism. In late September 1976, the position of area coordinator of Area III[1] became vacant and the Commission sent a memorandum to its staff requesting applications for the position. At the same time, the Commission made an unannounced decision to move the Area III office from El Paso to Midland, which is more centrally located within Area III. Sanchez and nine others submitted formal applications for the job. Sanchez was the only minority applicant. The Commission also received an informal application by letter from Cope Routh, a white male and reformed alcoholic who had been active in alcoholic-rehabilitation in Odessa, although not employed by the Commission. Routh had heard of the opening through a friend at the Commission. He applied for the job before the Commission had circulated to the staff its request for applications. In response to Routh's letter, the Commission invited Routh to Austin for an interview in mid-October. At the conclusion of the interview he was offered the job. Sanchez, who had received no response to his application, wrote to the Commission to request an explanation of the Commission's failure to interview him and of its selection of Routh. The Commission replied that it had no policy to interview all candidates, especially ones with whom it was familiar. The Commission gave as its reason for choosing Routh that he was "eminently qualified" and that the Commission was better served by having Sanchez remain in El Paso where he was well established.

In January, 1978, Sanchez filed a charge with the Equal Employment Opportunity Commission, and in May, 1978, he received a right-to-sue letter. This suit followed. Upon trial, the district court found that Sanchez had proved a prima facie case of discrimination, but that the Commission had rebutted this prima facie case by demonstrating that Routh was more highly qualified for this particular position. Based on these findings, the court concluded that the Commission had not discriminated against Sanchez in violation of Title VII.

■ Two weeks after this judgment issued, the Supreme Court decided *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). In *Burdine* the Supreme Court reversed the Fifth Circuit's interpretation of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and clarified the proper allocation of the burdens of production of evidence and proof in a Title VII discriminatory treatment case. *Burdine* held that a Title VII plaintiff bears the initial burden of establishing a prima facie case of discrimination. To meet this burden, the plaintiff need only present evidence of "actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a discriminatory criterion illegal under the Act.'" *Furnco Construction Corp. v. Walters*, 438 U.S. 567, 576, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978) (quoting *Teamsters v. United States*, 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977)).

■ To rebut a prima facie case, the employer must clearly and specifically articulate, through admissible evidence, a "'legitimate nondiscriminatory reason'" for its actions. *Burdine, supra*, 101 S.Ct. at 1093 (quoting *McDonnell Douglas, supra*, 411

---

1. Area III comprises 33 West Texas counties.

U.S. at 802, 93 S.Ct. at 1824). The employer need not persuade the trier of fact that he was actually motivated by his asserted reason. His burden is satisfied by articulating a reason that raises a genuine issue of fact as to whether there was illegal discrimination. *Jackson v. City of Killeen*, 654 F.2d 1181, (5th Cir. 1981). If the employer does show such a reason, the burden of production shifts back to the plaintiff to prove that the asserted reason was merely a pretext to shield a discriminatory motive.

▪ In reviewing the district court's judgment, we apply the *Burdine* standard to those facts found by the district court that are not clearly erroneous, keeping in mind that the ultimate finding on discrimination must be made independently by this Court. *Jackson v. City of Killeen, supra; Danner v. United States Civil Service Commission*, 635 F.2d 427, 430 (5th Cir. 1981).

▪▪ Sanchez proved his prima facie case. Sanchez' testimony and his application establish that he met the minimum qualifications for the area coordinator position. The Commission required an applicant to possess a college degree from an accredited college, plus two years of community education or public relations work. In the alternative, each year of experience working with alcoholics could be substituted for each required year of college. Sanchez earned a college degree from the University of Texas at El Paso and his work with the Commission satisfied the experience requirement. Sanchez also proved that the Commission selected a non-minority male for the position. These facts, if unexplained, are sufficient to raise the presumption that the Commission discriminated in its choice of area coordinator. "The burden of establishing a prima facie case of disparate treatment is not onerous." *Burdine*, 101 S.Ct. at 1094. Permitting the plaintiff to meet his initial burden without an elaborate showing reflects a perception that "more often than not people do not act in a

totally arbitrary manner, without any underlying reasons, especially in a business setting." *Furnco Construction, supra*, 438 U.S. at 577, 98 S.Ct. at 2950. Thus, when the overt elements tending to establish discrimination are shown we presume discrimination if the employer does not produce a legitimate reason for his action.

▪ Here, however, the Commission articulated several legitimate reasons for hiring Routh over Sanchez. First, the Commission believed that Routh's history as a reformed alcoholic would enhance his sensitivity to the problems facing other alcoholics. Second, the Commission noted that Routh had four years of experience working with alcoholics, while Sanchez had only two years experience; in addition, the Commission believed that Routh, who had worked on a newspaper for 17 years, had greater administrative skills than Sanchez. Finally, Routh was living in Odessa, the companion city to Midland, when offered the job. Sanchez argues that he indicated he was willing to relocate for the area-coordinator job. But he was working on a master's degree, and if he continued this graduate study he would have had to remain in El Paso. These reasons satisfy the Commission's burden of explaining why it preferred Routh, a non-minority applicant, to Sanchez.[2] Sanchez did not carry his burden of demonstrating that these reasons were a mere pretext, either by casting doubt on their truth or by proving that a discriminatory purpose more likely was motivating the Commission. *See, Burdine, supra*, 101 S.Ct. at 1095.

▪ On appeal Sanchez attacks certain of the district court's findings as clearly erroneous. First, Sanchez asserts that the district court erred in concluding that Routh was minimally qualified for the position of area coordinator. Sanchez argues that even though Routh met the combined college and work-with-alcoholism time requirement, the Commission did not prove

---

2. The district court found that Routh was more qualified than Sanchez for the area coordinator job. The Supreme Court made clear in *Burdine* that such a finding is unnecessary. "(T)he employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria." 101 S.Ct. at 1097.

that the college that Routh attended was accredited. This argument misconceives the burden of proof in a Title VII action. The Commission does not bear the burden of proving that Routh in fact attended an accredited college. Rather, the Commission need only present "clear and reasonably specific" reasons for its conduct. *Burdine,* 101 S.Ct. at 1096. The task of demonstrating the falsity of these reasons forms part of the plaintiff's burden to show that the employer's reasons are pretextual.

■ Even if Sanchez had shown that Routh's college was unaccredited and the Commission's stated standards for hiring an area coordinator required accreditation, Title VII liability would not automatically follow. "The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination." *Id.* at 1097. On the facts of this case, there is no showing that the Commission relaxed its standards for Routh. But even if the Commission had, this circumstance alone would not compel a conclusion that Sanchez was the victim of racial discrimination.

■ Second, Sanchez also contends that Routh's experience as a newspaper reporter cannot satisfy the second minimal requirement of the job, that the applicant have two years of community education experience. Because this argument similarly concerns the Commission's application of its own standards, we need not address it in detail. It is worth noting, however, that the district court, based on Routh's testimony, found that Routh did have the requisite community education experience, and this conclusion is not clearly erroneous.

■ Third, Sanchez argues that the district court erred in finding that the Commission legitimately believed that he was unwilling to relocate to the Midland-Odessa area. The trial judge noted that Sanchez was working towards a master's degree in El Paso and a move to Midland would inter-rupt that work. There was conflicting testimony as to whether Sanchez requested to remain in El Paso. The resolution of the conflict was properly within the trial judge's province. *Fed.R.Civ.P.* 52(a).

■ In addition to attacking the findings of the district court, Sanchez argues that the method by which Routh was hired proved impropriety on the Commission's part. Routh wrote a letter to the Commission on September 28 outlining his interest in the job and describing this background. The Commission answered the letter and invited Routh to Austin for an interview on September 29, the same day that it circulated a memo announcing the opening to the staff. Only two of the total of eleven applicants for the job were interviewed, and Routh, who was acquainted with at least one person active in the hiring process, quickly received an offer. While these facts may indicate that the Commission reached its decision before all applications were considered, or perhaps even before they were solicited, standing alone they fail to amount to a Title VII violation. The Commission's disregard of its own hiring system does not prove racial discrimination absent a showing that discrimination was a motive in the action taken. Sanchez himself testified that he had not experienced racism at the Commission and nothing brought out at trial would support a contrary conclusion.

The district court's holding that the Commission was not shown to have discriminated against Sanchez on an ethnic basis must stand.

AFFIRMED.